A. B. FOREE v. J. H. McINTYRE et al.

In a sale under execution, when all the installments of a debt are not yet due, an appraisement of the property is nevertheless essential.

Where the amount of the matured installments is less than the price for which the property is adjudicated, the surplus of the price only becomes exigible at the maturity of the other installments, adding interest to such surplus, so as to correspond with the term of credit allowed.

APPEAL from the District Court of the Parish of Carroll, *Farrar*, J. *Jones & Dougherty* and *L. Selby*, for plaintiff and appellant. *Sparrow & Montgomery*, for defendant.

VOORHIES, J. This is an injunction suit, presenting the question whether an appraisement is essential in a sale under executory process, where all the installments of the debt are not yet due.

It is urged by the defendants' counsel, that in a sale under Article 686 of the Code of Practice, where such installments are not all due, an appraisement, instead of being essential, has in fact the effect of impairing the right thus secured to the seizing creditor.

The Article relied upon provides as follows, to wit :

" When a seizing creditor has a privilege or special mortgage on the property seized, for a debt of which all the installments are not yet due, he may demand that the property be sold for the whole of the debt, provided it be on such terms of credit as are granted to the debtor by the original contract for the payment of such installments as are not due." C. P., 686.

The interpretation thus urged appears to us inadmissible. We think it is clear that a sale under that Article may as easily be effected with the benefit of appraisement as in any other cases of forced alienations. Such appraisement obviously secures to the debtor the protection of his property from sacrifice. A waiver of the benefit thus conferred upon him can only be derived from an express stipulation in his contract, or clear intendment of the law. Neither of which, we apprehend, can be fairly deduced in this case. It is true that cases may and must necessarily occur, in which the amount of the matured installments will be less than the price of adjudication ; but in such cases the surplus of the price only becomes exigible at the maturity of the other installments, adding interest to such surplus so as to correspond with the term of credit thus allowed.

It is, therefore, ordered and decreed, that the judgment of the court below be avoided and reversed ; that the injunction sued out in this case be made perpetual, or the Sheriff enjoined from making said sale without previous appraisement, the defendants and appellees to pay the costs of both courts.